UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Soloman Thomas-El, | Civil No. 24-CV-3476 (NEB/SGE) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Tarek Kekic, Nhia Thor, and Hennepin County Self-Insured, | |
| Defendants. | |

This matter is before the Court on (among other things) Plaintiff Solomon Thomas-El's "Claim for Damage, Injury, or Death," Dkt. No. 1 ("Complaint"); two Applications to Proceed in District Court Without Prepaying Fees or Costs, Dkt. Nos. 2, 5; a motion to amend the Complaint, Dkt. No. 22 ("Motion to Amend"); and an amended complaint, Dkt. No. 23 ("Amended Complaint"). For the reasons below, the Court grants the motion to amend and denies the earlier *in forma pauperis* ("IFP") application as moot. The Court also recommends dismissing this action and denying Thomas-El's other pending motions as moot.

The Court received the Complaint on August 29, 2024. *See* Docket. After reviewing financial information from Thomas-El, the Court ordered him to pay a $4.00 initial partial filing fee. *See* Dkt. No. 12 at 3. He failed to do so, and on November 7, 2024, the Court recommended dismissing this action for failure to prosecute. *See* Dkt. No. 17 at 2. Since

then, Thomas-El has paid the fee (and made additional payments), prompting the Court to vacate its earlier recommendation. *See* Dkt. Nos. 20, 26–27.

Amid this back-and-forth, Thomas-El filed the Motion to Amend and the Amended Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, the Court concludes that Thomas-El may amend his pleading "once as a matter of course." The Court therefore grants the Motion to Amend and treats the Amended Complaint—and only the Amended Complaint—as this action's operative pleading. *See, e.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000))).

The Amended Complaint concerns a state-court criminal case involving Thomas-El. *See* Am. Compl. 3–8. In January 2024, Hennepin County authorities charged him with possessing a firearm after being convicted of a crime of violence, violating Minn. Stat. § 624.713, subd. 1(2). *See* Compl. 1, *State v. Tomas*, No. 27-CR-24-1952 (Minn. Dist. Ct. Jan. 25, 2024).[1] A jury convicted him, and in May 2024, the trial court sentenced him to 60 months' imprisonment. *See* Order and Warrant of Commitment, *State v. Tomas*, No. 27-CR-24-1952 (Minn. Dist. Ct. May 16, 2024). Thomas-El appears to be appealing the

---

[1] Documents from Thomas-El's state prosecution are not included in this action's docket, but the Court may take judicial notice of public state-court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)). Thomas-El is also known as Soloman Tomas, the name used in the state prosecution.

conviction in Minnesota's appellate courts. *See, e.g.*, Register of Action, *State v. Tomas*, No. 27-CR-24-1952 (Minn. Dist. Ct.).

The Amended Complaint names Tarek Kekic and Nhia Thor, police officers with the City of Brooklyn Center, as defendants for their role in arresting Thomas-El in January 2024. *See* Am. Compl. 1, 3.[2] It primarily argues that the search of Thomas-El's vehicle, which uncovered the firearm leading to his conviction, was unconstitutional. *See* Am. Compl. 9–16. The Amended Complaint also seems to suggest that Thomas-El, as a "freeborn Moorish-American sovereign and Masonic member," is not subject to Minnesota's jurisdiction. *Id.* at 16. For relief, Thomas-El seeks $1.5 million in damages. *See id.* at 16–17.

Instead of paying the filing fee, Thomas-El submitted the IFP Applications, which suggest that as a financial matter he may qualify for IFP status.[3] But under the federal statute governing IFP cases, courts may dismiss an action at any time if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an

---

[2] The Amended Complaint presumably means to name "Hennepin County Self-Insured" as a defendant, as it was named in the original pleading. *See, e.g.*, Dkt. No. 1-1 at 14. But the Amended Complaint includes no allegations about what this entity did or failed to do to create liability toward Thomas-El. The Court therefore recommends dismissing the Amended Complaint as frivolous to the extent it seeks claims against this entity. *See, e.g.*, *Nelson v. Ellison*, No. 23-cv-2122 (JRT/LIB), 2023 WL 7741273, at *3 (D. Minn. Oct. 27, 2023) ("[T]his District's courts routinely find that when a complaint has no factual allegations about a defendant, it is factually frivolous as to that defendant." (citing cases)), *report and recommendation adopted*, 2023 WL 7697051 (D. Minn. Nov. 15, 2023).

[3] Because Thomas-El submitted two applications, the Court will deny the first IFP Application as moot.

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). A claim lacks a legal basis when it relies on an "inarguable legal conclusion." *Neitzke*, 490 U.S. at 325; *see also McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (noting a claim is legally frivolous if "'based on an indisputably meritless legal theory'" (quoting *Neitzke*, 490 U.S. at 327)).

To the extent the Amended Complaint suggests that Thomas-El is not subject to Minnesota's jurisdiction due to his status as a "Moorish-American sovereign," it is frivolous. As another court in this District has noted: "Federal courts have had to deal *ad nauseam* with the pipe dream that one can assert a link to Morocco, then parley that into broad immunity from state law. Unsurprisingly, those courts have repeatedly rejected the argument, as well as other sorts of parallel 'sovereign citizen' arguments." *Lenear v. Coates*, No. 23-cv-0831 (ECT/JFD), 2023 WL 4901283, at *2 (D. Minn. Aug. 1, 2023) (citing numerous cases). The Court therefore recommends dismissing the Amended Complaint as frivolous insofar as it raises such a claim.

To the extent the Amended Complaint raises other claims, the Court recommends dismissal based on the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under this rule:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

4

question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87 (footnote and citation omitted); *see also, e.g.*, *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Heck*).

Thomas-El's claims clearly stem from alleged injury related to the traffic stop and search that resulted in his firearms conviction, bringing this action squarely within the *Heck* rule. Nothing in the Amended Complaint indicates a favorable termination of that conviction (unsurprisingly, given Thomas-El's current efforts to appeal it in state court). As a result, the Court recommends dismissing the remainder of the Amended Complaint claims without prejudice for failure to state a claim.

If adopted, the Court's recommendations would lead to the dismissal of this entire action. The Court thus recommends denying Thomas-El's second IFP Application, along with the action's other pending motions, as moot.[4]

## ORDER

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Soloman Thomas-El's first Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. No. 2, is **DENIED** as moot.

2. Thomas-El's motion to amend the Complaint, Dkt. No. 22, is **GRANTED**, and his amended complaint, Dkt. No. 23, shall be this action's operative pleading going forward.

---

[4] The additional relevant motions are Thomas-El's (1) motion requesting the Court take notice of his sovereign status, Dkt. No. 13; and (2) motion requesting a "mediated settlement conference," Dkt. No. 14.

## RECOMMENDATION

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Soloman Thomas-El's amended complaint, Dkt. No. 23, be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2) to the extent (1) he seeks to sue Defendant "Hennepin County Self-Insured, and (2) he argues that he is not subject to the jurisdiction of Minnesota's state courts.

2. The amended complaint otherwise be **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2) for failure to state a claim for which the Court can grant relief.

3. Thomas-El's second Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. Nos. 5, and his pending motions at Dkt. Nos. 13 and 14, be **DENIED** as moot.

4. Thomas-El be ordered to pay the remaining balance of this action's statutory filing fee (currently $313.00) in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court ordered to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.


Dated: January 13, 2025              *s/ Shannon G. Elkins*
                                     SHANNON G. ELKINS
                                     United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

CASE 0:24-cv-03476-NEB-SGE   Doc. 28   Filed 01/13/25   Page 7 of 7