UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SOLOMON THOMAS-EL, | Case No. 24-CV-3476 (NEB/SGE) |
| Plaintiff, | |
| v. | ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION |
| TAREK KEKIC, NHIA THOR, and HENNEPIN COUNTY SELF-INSURED, | |
| Defendants. | |

---

Solomon Thomas-El filed suit against two Brooklyn Park, Minnesota police officers (Tarek Kekic and Nhia Thor) and against Hennepin County Self-Insured for claims arising out of a stop, search, and arrest of Thomas-El in January 2024 on charges of possessing a firearm after being convicted of a crime of violence. In Thomas-El's amended complaint—which the Court treats as the operative complaint under Rule 15(a) of the Federal Rules of Civil Procedure—Thomas-El asserts that Kekic and Thor are liable under the Fourth Amendment to the United States Constitution and under the Federal Tort Claims Act ("FTCA") for conducting an unconstitutional search of his vehicle and for arresting him as a "freeborn Moorish-American sovereign and Masonic member," who is not subject to Minnesota's jurisdiction. (ECF No. 23 at 9–16.) Thomas-El makes no particularized claims against Hennepin County Self-Insured in his amended complaint.

Thomas-El requests $1.5 Million in punitive, compensatory, and monetary damages. (*Id.* at 16–17.)

United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation recommending that Thomas-El's amended complaint be dismissed in full. (ECF No. 29.) Specifically, Judge Elkins recommends: (1) dismissing with prejudice Thomas-El's claims against Hennepin County Self-Insured and that he is not subject to the jurisdiction of the State of Minnesota as frivolous, and (2) dismissing the remainder of Thomas-El's action without prejudice for failure to state a claim. (*Id.* at 6 (citing 28 U.S.C. § 1915(e)(2)).) Judge Elkins also recommends denying Thomas-El's other outstanding motions (ECF Nos. 5, 13, 14) as moot, and ordering Thomas-El to repay the remaining balance of the action's statutory filing fee in the manner prescribed by 28 U.S.C. Section 1915(b)(2). (*Id.*) Thomas-El objects to Judge Elkins' Report and Recommendation. (ECF No. 30.) For the following reasons, the court overrules Thomas-El's objections (ECF No. 30), accepts the Report and Recommendation (ECF No. 29), dismisses the amended complaint (ECF No. 23), and dismisses as moot Thomas-El's other outstanding motions. (ECF Nos. 5, 13, 14.)

## ANALYSIS

Once a magistrate judge's report and recommendation is filed, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); D. Minn. Loc. R. 72.2(b). If a party objects to a magistrate judge's report

2

and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having reviewed the record de novo, the Court adopts the facts as recited in the Report and Recommendation, including as to Thomas-El's arrest and conviction for possessing a firearm after being convicted of a crime of violence, in violation of Minnesota Statute Section 624.713, Subdivision 1(2). (ECF No. 29 at 2–3 (taking judicial notice of public state-court records of Thomas-El's arrest and conviction).)

## I.   Hennepin County Self-Insured is Not a Proper Defendant

First, Judge Elkins notes in the Report and Recommendation that "the Amended Complaint includes no allegations about what [Hennepin County Self-Insured] did or failed to do to create liability toward Thomas-El." (ECF No. 29 at 3 n.2.) Judge Elkins thus recommends dismissing Thomas-El's claims against Hennepin County Self-Insured with prejudice as frivolous. (*Id.*) In his objections, Thomas-El does not dispute that the Amended Complaint does not include any allegations against Hennepin County Self-Insured. (ECF No. 30 at 3 (stating only that Thomas-El "was led to believe that [Hennepin County Self-Insured] was actually the bonding company that bonds the [officer defendants]," and that Thomas-El received an email that his belief was incorrect).) The Court agrees with Judge Elkins—Thomas-El's amended complaint is dismissed with prejudice as frivolous as against Hennepin County Self-Insured. *See Lenear v. Coates*, No. 23-cv-831 (ECT/JFD), 2023 WL 4901283, at *2 ("[W]hen a complaint fails to allege what a

defendant did that causes liability, the pleading lacks an arguable basis in fact—so [it] is frivolous—for that defendant." (citation omitted)).

## II. Thomas-El is Subject to Minnesota's Jurisdiction

Second, Judge Elkins recommends dismissing as frivolous Thomas-El's sovereign citizenship argument that he is not subject to the jurisdiction of the State of Minnesota because of his status as a "Moorish-American sovereign." (ECF No. 29 at 4.) In response, Thomas-El does not dispute the legal authority upon which Judge Elkins relies, and instead attacks her order as "slanderous" and "delusional." (ECF No. 30 at 1, 4.) The Court affirms Judge Elkins' recommendation, and emphasizes that her Report and Recommendation fairly characterizes the law that assertions of immunity from state-law on the sole basis of a Moorish-American identity are frivolous and may be dismissed with prejudice. *See Lenear*, 2023 WL 4901283 at *2 & n.2 (collecting cases rejecting similar sovereign citizenship arguments); *see also United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (considering defendant's argument that he was immune from criminal laws because he was a "Native Asiatic Moorish National Citizen" to be frivolous).

## III. Favorable Termination Rule Applies to Remaining Claims

Third, Judge Elkins recommends dismissing the remainder of Thomas-El's action without prejudice for failure to state a claim under the favorable termination rule of *Heck v. Humphrey*. (ECF No. 29 at 4–5 (citing 512 U.S. 477 (1994)).) The favorable termination rule provides that in order for a plaintiff to recover monetary damages under 18 U.S.C.

Section 1983 for harm allegedly arising from an unconstitutional conviction or imprisonment, the plaintiff must prove:

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (citing *Heck*, 512 U.S. at 487). The favorable termination rule only applies if the Section 1983 claim "would necessarily imply the invalidity of [the plaintiff's] *conviction or sentence*." *Id*. (citing *Heck*, 512 U.S. at 487). Thomas-El objects that the *Heck* rule does not apply here, because he brought his claims under the FTCA, and not under 18 U.S.C. Section 1983. (ECF No. 30 at 2.)

The Court need not resolve whether the *Heck* favorable termination rule applies to claims brought under the FTCA, because the FTCA does not apply whatsoever to Thomas-El's claims brought against the two municipal police officers. The FTCA provides a statutory scheme for bringing suit against the United States of America for its conduct and the conduct of its agents. 28 U.S.C. § 1346; 38 C.F.R. § 14.600. Necessarily then, the FTCA is not a means for bringing suit against individual municipal officers who are not operating as agents of the federal government. *See Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 952 (D. Minn. 2022) ("Although the FTCA permits plaintiffs to bring tort claims, it also specifies that the *exclusive remedy* for such claims is against the United States." (emphasis added)).

Thus, the only way to liberally construe Thomas-El's constitutional claims is that they are brought under Section 1983, and not under the FTCA. But, because Thomas-El's constitutional claims are construed as being brought under Section 1983, the *Heck* favorable termination rule is applicable. Thomas-El's claims stem from his traffic stop, the ensuing search, and his arrest by the defendant officers, which resulted in his state-court conviction. (ECF No. 23 at 3–6.) And so, a ruling by the Court in Thomas-El's favor "would necessarily imply the invalidity of his *conviction or sentence*." *See Mitchell*, 28 F.4th at 895. In addition, Thomas-El makes no allegations of a favorable termination of his state-court conviction in his Amended Complaint; nor could he, as his case remains on appeal. *See State v. Tomas*, Dkt. No. A24-1306 (Minn. Ct. App.). Because the *Heck* favorable termination rule applies, Thomas-El's claims for monetary damages must be dismissed.

### IV. Remaining Motions are Moot

Finally, because Judge Elkins recommended dismissing Thomas-El's action in its entirety, Judge Elkins also recommended that Thomas-El's other outstanding motions be dismissed as moot, and that he be ordered to pay the remaining balance of this action's statutory filing fee in the manner prescribed by 28 U.S.C. Section 1915(b)(2). The Court agrees; Thomas-El's motions at ECF Nos. 5, 13, and 14 are necessarily rendered moot by the dismissal of his Amended Complaint.

6

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of United States Magistrate Judge Shannon G. Elkins (ECF No. 29) is ACCEPTED;

2. Thomas-El's objections (ECF No. 30) are OVERRULED;

3. Thomas-El's operative complaint (ECF No. 23) is DISMISSED WITH PREJUDICE as to Defendant Hennepin County Self-Insured and as to claims that Thomas-El is not subject to the jurisdiction of the State of Minnesota, and is otherwise DISMISSED WITHOUT PREJUDICE;

4. Thomas-El's renewed application to proceed in the district court without prepaying fees or costs (ECF No. 5.) is DENIED AS MOOT;

5. Thomas-El's "notice of motion and motion under amicus curiae" (ECF No. 13) is DENIED AS MOOT;

6. Thomas-El's "notice of motion and motion under Local Rule 16.5 [for] mediated settlement conference" (ECF No. 14) is DENIED AS MOOT;

7. Thomas-El is ordered to pay the remaining balance of this action's statutory filing fee in the manner prescribed by 28 U.S.C. Section 1915(b)(2), and the Clerk of Court is ordered to provide notice of this requirement to the authorities at the correctional facility in which Thomas-El is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 15, 2025                    BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge

8